UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00728-HEA ) |
| ROZINA KIMANI-MUTHOKA, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on defendant Rozina Kimani-Muthoka's[1] notice of removal. (Docket No. 1). Defendant is seeking to remove three state criminal cases and one state civil case to federal court. For the reasons discussed below, the Court will vacate defendant's notice of removal and remand these matters back to state court.

### Background

Defendant is a self-represented litigant who is currently a pretrial detainee at the St. Louis County Justice Center in Clayton, Missouri. She has filed a notice of removal that implicates four separate cases from the Circuit Court of St. Louis County: (1) *Bank of New York Mellon Trust Co. v. Lipede, et al.*, No 21SL-AC05837 (21st Jud. Cir., St. Louis County); (2) *State v. Jones-Williams*, No. 16SL-CR06057-01 (21st Jud. Cir., St. Louis County); (3) *State of Missouri v. Jones-Williams*, No. 18SL-CR02759-01 (21st Jud. Cir., St. Louis County); and (4) *State v. Muthoka*, No. 22SL-

---

[1] The Court notes that defendant goes by several aliases that appear in the instant pleadings, and in other pleadings filed in state court. These aliases include Rozina Rhonda Jones-Williams, Rozina Muthoka, Rozina R. Jones, Rozina R. Williams, and Rozina Jones Williams.

CR07861-01 (21st Jud. Cir., St. Louis County). Before reciting defendant's grounds for removal, the Court will review these four cases below.[2]

### A. *Bank of New York Mellon Trust Co. v. Lipede, et al.*, No  21SL-AC05837

On March 11, 2021, plaintiff Bank of New York Mellon Trust Company filed a petition in unlawful detainer against defendants Adeluola Gholahan Lipede, Shawn Ann Forseth, and John Doe, alleging that they were in unlawful possession of property located at 319 Wild Horse Canyon Drive in Chesterfield, Missouri. *See Bank of New York Mellon Trust Co. v. Lipede, et al.*, No 21SL-AC05837 (21st Jud. Cir., St. Louis County). On May 26, 2021, defendant identified herself as "John Doe," and filed a motion to set aside the sale of 319 Wild Horse Canyon Drive. She argued that the property belonged to her through adverse possession. Defendant was added to the case, and her motion to set aside denied. Following her entrance into the case, defendant began filing pro se motions with the circuit court, including a second motion to set aside the sale of property, a motion to change judge, a motion for change of venue, and a motion to consolidate.

On January 31, 2022, judgment was entered for plaintiff, and defendant was ordered to vacate 319 Wild Horse Canyon Drive. Defendant's appeal was dismissed on March 13, 2023. *MK Property Mgmt. v. Lipede, et al.*, No. ED110412 (Mo. Ct. App. 2023). Her subsequent motions – including a motion to stay, a motion for rehearing, and a motion to recall the mandate – were all denied. The Court of Appeals issued its mandate on June 22, 2023. Despite the closing of her case, defendant has continued to file documents with both the circuit court and the Missouri Court of

---

[2] Defendant's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

Appeals, arguing – among other things – that she is a limited liability company, not a person, and that the court has no jurisdiction over her.

### B. *State v. Jones-Williams*, No. 16SL-CR06057-01

On March 8, 2017, the State of Missouri filed an information charging defendant with identity theft, a Class C felony. *State v. Jones-Williams*, No. 16SL-CR06057-01 (21st Jud. Cir., St. Louis County). Defendant entered a not guilty plea through counsel on April 5, 2017. Between April 24, 2017 and July 22, 2020, pretrial conferences were repeatedly continued or rescheduled, with the docket sheet showing nearly thirty such entries. During this time, defendant remained out-of-custody on pretrial release.

On October 9, 2020, the circuit court granted the motion of defendant's attorney to withdraw from the case. Thereafter, between December 2, 2020 and September 3, 2021, several settlement conferences were set and then rescheduled.

On August 30, 2021, defendant filed a pro se affidavit in which she purported to "resign as Registered Agent for Rozina Jones Williams." On September 2, 2021, defendant again submitted documents in which she gave notice of her right to resign as a registered agent for "Rozina Rhonda Junene Jones." On September 30, 2021, defendant filed a document titled "The American (Emergency) Cares Act 2021," in which she asked the circuit court to quash her case because she was "now [the] property of the State of Missouri and for that reason this cause cannot prosecute itself."

Defendant failed to appear for a hearing on October 1, 2021, and a warrant was issued for her arrest. Her bond was revoked and forfeited. On October 12, 2021, defendant sent a letter to the circuit court asking for her case to be put on hold and dismissed as a response to COVID-19. Defendant's warrant was withdrawn on October 25, 2021, and a status conference scheduled. On

May 13, 2022, defendant once again failed to appear for a hearing, and another warrant was issued. Following a hearing on May 23, 2022, defendant was released upon a written promise to appear for all court hearings.

On May 27, 2022, a public defender entered his appearance for defendant. Nevertheless, despite having an attorney, defendant filed an affidavit on August 1, 2022, seeking to dismiss the case for failure to state a claim.[3] Defendant submitted another affidavit on November 15, 2022, asserting that law enforcement had lied about defendant burning her father's corpse in the backyard, and that this ceremonial process is protected by federal law.[4]

On November 18, 2022, defendant failed to appear for a hearing and another warrant was issued. Defendant filed a pro se motion to recall the warrant on February 14, 2023, while her attorney filed a similar motion on her behalf on February 21, 2023.

On March 2, 2023, defendant filed an "Application for a Writ of Habeas Corpus," alleging a violation of due process when the Fulton County Jail and the Atlanta City Detention Center "invaded [her] legal rights" by holding her "longer than [the] time allotted" by Georgia's extradition laws.

On March 10, 2023, the circuit court denied the motion to recall the warrant. The warrant was served on March 28, 2023.

On March 31, 2023, the circuit court ordered defendant to undergo a competency evaluation pursuant to RSMo § 552.020.

Between April 21, 2023, and July 10, 2023, defendant filed eight separate pro se documents, including: a "Bill in Equity" seeking to have her assistant public defender withdraw

---

[3] Though the affidavit has clearly been authored by defendant, it purports to be brought by "William Jones Rozina" as "the executor and chief administrator for Rozina Jones Williams."

[4] This affidavit, which also appears authored by defendant, purports to be brought by "Priestess Njinga Bagum," who claimed to be defendant's "beneficiary."

4

from her case; an "Affidavit Unrebutted," claiming she was a limited liability company and shielded from personal liability; a "Bill to Withdraw Court Appointed Public Defender," based on the attorney's alleged extortion; a request for an emergency hearing to remove counsel, reinstate her bond, and dismiss the case; a request for preliminary injunctive relief, objecting to the circuit court's order for a competency evaluation; a motion to intervene and substitute party; a "Motion to Enter Special Appearance," in which defendant asked for the dismissal of her case; and finally a "Notice of Appeal Interlocutory," arguing that her attorney was ineffective.

On August 2, 2023, the order to make a mental examination under RSMo § 552.020 was approved. On August 8, 2023, defendant filed a motion to set aside the order for a mental examination. The following day, she filed a counterclaim pursuant to the Universal Declaration of Human Rights.

Finally, on August 14, 2023, defendant filed a notice of removal under 28 U.S.C. § 1455, alleging that she had been denied her ability to enforce her civil rights.

**C.** *State of Missouri v. Jones-Williams*, **No. 18SL-CR02759-01**

On September 11, 2018, the State of Missouri filed an information charging defendant with one count of identity theft, a Class C felony. *State of Missouri v. Jones-Williams*, No. 18SL-CR02759-01 (21st Jud. Cir., St. Louis County). She waived formal arraignment through counsel on October 8, 2018, and a pretrial conference was scheduled for October 29, 2018. Between October 29, 2018 and July 22, 2020, the conference was rescheduled approximately fifteen times.

On September 4, 2020, the circuit court granted the motion of one of defendant's attorneys to withdraw. On October 9, 2020, the circuit court granted the motion of defendant's other attorney to withdraw, and scheduled a hearing for December 2, 2020, which was later cancelled. Between

5

those two dates, on September 17, 2020, defendant filed a "Motion to Enter Appearance as Pro-Se," and a motion to dismiss her case with prejudice for lack of evidence and lack of jurisdiction.

On May 19, 2021, defendant filed a pro se motion "to dismiss all charges due to lack of jurisdiction, ineffective counsel, [and] lack of evidence." In support, she noted that the charges should be dropped "because these events occurred under the limited liability company," and that she should not have to deal "with charges brought against a[n] LLC company." Defendant subsequently filed two documents stating that she was resigning as registered agent.

On September 30, 2021, defendant filed a document titled "The American (Emergency) Cares Act 2021," in which she asked the circuit court to quash her case because she was "now [the] property of the State of Missouri and for that reason this cause cannot prosecute itself."

On October 1, 2021, defendant failed to appear for a hearing, and a warrant was issued. The warrant was eventually recalled and the matter set for a status conference on November 12, 2021. The status conference was rescheduled several times until on May 13, 2022, defendant failed to appear for a hearing and another warrant was issued. Defendant filed a motion to recall the warrant, and on May 23, 2022, the circuit court ordered defendant released upon a written promise to appear for all court proceedings.

On May 27, 2022, following an indigency hearing, defendant was appointed an attorney from the public defender's office. Despite having an attorney, she filed a motion to dismiss for failure to state a claim, arguing that all crime is commercial, and that she cannot be jailed for failure to pay a debt.

On November 18, 2022, a warrant was issued after defendant failed to appear for a hearing. Both defendant and her attorney sought recall of the warrant. After a hearing on March 10, 2023, the circuit court denied the motions to recall. The warrant was served on March 28, 2023.

On March 31, 2023, the circuit court ordered a competency evaluation under RSMo § 552.020.

Between April 21, 2023, and July 10, 2023, defendant filed seven separate pro se documents, including: a "Bill in Equity" that sought to have her assistant public defender withdraw from her case; an "Affidavit Unrebutted," claiming she was a limited liability company and shielded from personal liability; a "Bill to Withdraw Court Appointed Public Defender," based on the attorney's alleged extortion; a request for an emergency hearing to remove counsel, reinstate her bond, and dismiss the case; a "Writ of Mandamus" filed by Parahkiyah Yisrael-bey, which argued that the circuit court operated "without status and jurisdiction" due to defendant's "Hebrew Israelite-American" citizenship status;  a request for preliminary injunctive relief, objecting to the circuit court's order for a competency evaluation; and finally a "Notice of Appeal Interlocutory," arguing that her attorney was ineffective.

On August 2, 2023, the order to make a mental examination under RSMo § 552.020 was approved. On August 8, 2023, defendant filed a motion to set aside the order for a mental examination. The following day, she filed a counterclaim pursuant to the Universal Declaration of Human Rights.

Finally, on August 14, 2023, defendant filed a notice of removal under 28 U.S.C. § 1455, alleging that she had been denied her ability to enforce her civil rights.

**D.  *State v. Muthoka*, No. 22SL-CR07861-01**

On December 14, 2022, a grand jury indictment was filed charging defendant with abandonment of a corpse, a Class E felony. *State v. Muthoka*, No. 22SL-CR07861-01 (21st Jud. Cir., St. Louis County). According to a probable cause statement, law enforcement began a missing persons investigation into the well-being of defendant's father, an elderly person in defendant's

7

care. At some point, defendant admitted burning her father's body at her home and disposing of the remains. Along with the indictment, a warrant was issued for defendant's arrest.

The warrant was served on March 28, 2023. On March 30, 2023, the circuit court denied defendant's motion to reduce bond.

On April 3, 2023, defendant filed a pro se "Writ of Mandamus," challenging the indictment on the grounds of jurisdiction and venue. In the writ, she broadly asserted malicious prosecution.

On April 5, 2023, the circuit court ordered a competency evaluation. In response, defendant filed an affidavit on April 7, 2023, accusing her public defender of conspiring with the state.

Between April 20, 2023 and July 27, 2023, defendant filed eleven pro se documents with the circuit court, including: a request for an emergency bond hearing; a "Special Demurrer," in which defendant asserted that the missing person report regarding her father was "false," that the investigation by law enforcement was "insufficient," that her arrest illegally interfered with her "sacred rituals or religious rights," and that her public defender was ineffective; a "Bill of Substantive Due Process," in which defendant challenged the circuit court's jurisdiction and petitioned for a "speedy and public trial" by jury; an "Affidavit Unrebutted," in which defendant asserted that she is shielded from liability because she is a limited partnership; a document requesting that her public defender withdraw from her case; a "Bill of Special Appearance," in which defendant sought reinstatement of her bond, and the dismissal of her case due to ineffective assistance of counsel; an affidavit objecting to the competency evaluation; a "Motion for Permissive Intervention," in which defendant again argued that her counsel's performance was inadequate; a memorandum in which defendant alleged violations of her constitutional rights; a "Notice of Appeal Interlocutory," arguing that her attorney was ineffective; and finally a memorandum in which defendant complained about a judge.

8

In the midst of defendant's pro se filings, the circuit court held a hearing on May 23, 2023. At the hearing, the circuit court denied defendant's motion to reduce bond, and continued her motion to remove counsel until the completion of the competency evaluation. The circuit court noted that the order for a competency evaluation remained in effect. On July 31, 2023, the order for mental examination was approved.

On August 8, 2023, defendant filed a motion to set aside the order for a mental examination. The following day, she filed a counterclaim pursuant to the Universal Declaration of Human Rights.

Finally, on August 14, 2023, defendant filed a notice of removal under 28 U.S.C. § 1455, alleging that she had been denied her ability to enforce her civil rights.

### Defendant's Notice of Removal and Other Filings

Defendant filed the instant notice of removal on June 1, 2023. (Docket No. 1). In the petition, defendant asserts that she has ongoing criminal proceedings in the 21st Judicial Circuit of St. Louis County "that involves civil rights and equity law," and that she seeks "to have all proceedings removed." (Docket No. 1 at 1). She asserts that removal is necessary to "prevent a manifest injustice." More particularly, defendant alleges that her attorney has acted unethically and has not challenged the circuit court's jurisdiction, which has led "to the deprivation of the trust res civil liberties and civil rights being violated." Defendant believes that the circuit court lacks jurisdiction because she is "a trust and principle of the res estate," which gives her immunity.

In short, it appears that defendant is arguing that she is a company, and cannot be prosecuted. Moreover, defendant is upset that her court-appointed attorney has sought a mental examination, rather than making a jurisdictional challenge. (Docket No. 1 at 2).

9

Along with the notice of removal, defendant filed a motion for leave to proceed in forma pauperis. (Docket No. 4). Attached to the motion is a "Petition for Equitable Relief," in which defendant challenges the jurisdiction of the circuit court. (Docket No. 4-1 at 3). In this petition, defendant states "that the fundamental guarantees of due process [apply] to children as well as adults." (Docket No. 4-1 at 4). To that end, she complains that on November 1, 2022, a law enforcement officer acting "in his official capacity" handcuffed her fourteen year-old child "without authority…and transported him alone to the" precinct. At the precinct, defendant alleges that her child was locked in a room "with no working television and no food for 8 hours or more."

On July 5, 2023, defendant filed a second motion for leave to proceed in forma pauperis. (Docket No. 5). In the motion, defendant accuses a bankruptcy trustee of committing fraud against her "estate and securities." (Docket No. 5 at 1). Defendant requests that the Court allow her to proceed without paying any fees, and to "restore [her] estate and escheat and bring it back from its condemned state." (Docket No. 5 at 2).

On July 10, 2023, defendant filed a document titled "Automatic Bill of Stay and Redemption." (Docket No. 6). In the motion, defendant appears to be asking for a stay of her state court proceedings. (Docket No. 6 at 1). She asserts that "federal intervention is appropriate due to the special circumstances and substantial harm inflicted upon [her] estate by the state court['s] ambiguous abuse of state authority." (Docket No. 6 at 1-2). Due to defendant's "special circumstances," she encourages the Court to ignore the *Younger* abstention doctrine. (Docket No. 6 at 2). Aside from seeking a stay, defendant also lists various issues relating to her conditions of confinement, including an inability to receive prescribed medications. (Docket No. 6 at 3). Defendant further argues that she is entitled to bond. (Docket No. 6 at 4).

Finally, on August 7, 2023, defendant submitted a document titled "Supplemental Petition," again asking the Court to remove her state court cases. (Docket No. 7). In the petition, defendant asserts that she "is being sued for refusing to perform an act that would be inconsistent with equal rights." (Docket No. 7 at 1). She also alleges a violation of her right to due process, apparently because she believes the circuit court lacks jurisdiction and has wrongfully refused her request to change venue. Defendant further contends that someone at the St. Louis County Justice Center is tampering with her mail. (Docket No. 7 at 2). Attached to the supplement is yet another motion for leave to proceed in forma pauperis. (Docket No. 7 at 5).

## Discussion

Defendant is a self-represented litigant who has filed a notice of removal, seeking to remove three criminal cases and one civil case from state to federal court. For the reasons discussed below, the notice of removal will be vacated, and the cases remanded to the 21st Judicial Circuit of St. Louis County.

### A. Removal to Federal Court

Federal law provides a procedure for removing both civil and criminal actions. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); and 28 U.S.C. § 1455 (procedure for removal of criminal prosecutions). Generally, however, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966).

Defendant appears to be seeking removal based on the purported violation of her civil rights. Federal law provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

11

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

In order to remove a case under 28 U.S.C. § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). With regard to the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Id*. As to the second prong, "[t]his provision normally requires that the denial be manifest in a formal expression of state law…such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id*.

Meanwhile, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

In this case, defendant seeks to remove three criminal cases and one civil case to federal court, vaguely alleging the violation of her constitutional rights.

### B. Removal of Civil Case

Federal law provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the

12

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A defendant "desiring to remove any civil action from a State court shall file in the district court…a notice of removal" that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

In this case, the Court has determined that removal is improper for two reasons. First, defendant's notice of removal is untimely. Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). There is no indication, however, that defendant ever filed a notice of removal in *Bank of New York Mellon Trust Co. v. Lipede, et al.*, No 21SL-AC05837 (21st Jud. Cir., St. Louis County), even though defendant acknowledged being a party to the case – and began filing motions – as early as May 19, 2021.

Second, removal jurisdiction can only be properly exercised if the state court case is still ongoing. That is, if the state court proceedings for which removal is sought is already completed, the case must be dismissed for lack of jurisdiction. *Pointer v. Allied Barton Sec. Co.*, 2017 WL 4216868, at *1 (8th Cir. 2017) (unpublished opinion) (stating that because the state court proceeding that plaintiff sought to remove was "already completed," the case was remanded to the district court "with instructions to dismiss for lack of jurisdiction"). *See also Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011) (stating that "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run"); *Ohio v. Doe*, 433 F.3d 502, 507 (6th Cir. 2006) (stating "that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized"); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (8th Cir. 1988) (stating that "it would be a perversion of the removal process to allow

13

a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"); and *Ristuccia v. Adams*, 406 F.2d 1257, 1258 (9th Cir. 1969) (stating that it is "obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court").

With regard to *Bank of New York Mellon Trust Co. v. Lipede, et al.*, No 21SL-AC05837, judgment was entered against defendant on January 31, 2022, her appeal was dismissed on March 13, 2023, and the mandate was issued on June 22, 2023. The case has been completed, and can no longer be removed.

For these reasons, defendants notice of removal with regard to *Bank of New York Mellon Trust Co. v. Lipede, et al.*, No 21SL-AC05837 must be vacated. Because the case is not ongoing, and because defendant has not filed a notice of removal in state court, the Court will not remand this action.

**C.  Removal of Criminal Case**

A defendant who desires to remove any criminal prosecution from a state court may file a notice of removal in federal court "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant." 28 U.S.C. § 1455(a). The notice of removal must include all grounds for removal. 28 U.S.C. § 1455(b)(2). The notice of removal must also be filed within thirty days of the state court arraignment, unless good cause has been shown to warrant filing the notice at a later time. 28 U.S.C. § 1455(b)(1). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, it clearly appears from the face of defendant's notice and attached exhibits that removal should not be permitted. To begin, defendant's notice of removal is untimely with regard to *State v. Jones-Williams*, No. 16SL-CR06057-01 and *State of Missouri v. Jones-Williams*, No. 18SL-CR02759-01. In those two cases, defendant was arraigned on April 5, 2017 and October 8, 2018, respectively. She did not file a notice of removal, however, until August 14, 2023, far beyond the thirty-day period.

More fundamentally, for all three criminal cases, defendant has failed to state adequate grounds for removal. As set forth above, she must allege that removal is necessary to enforce "a right under any law providing for the equal rights of citizens of the United States." *See* 28 U.S.C. § 1443(1).[5] To do so, defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *See Johnson*, 421 U.S. at 219.

Defendant has not provided any facts supporting the elements for removal listed above. To the contrary, she premises removal on a bizarre, sovereign citizen-like argument that the State of Missouri lacks jurisdiction over her. Specifically, defendant insists that she is a corporate entity, and is therefore immune from prosecution. The arguments proposed by sovereign citizens have been widely rejected as "having no conceivable validity in American law." *United States v. Hardin*, 489 Fed. Appx. 984, 986 (8th Cir. 2012) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)). *See also United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that defendants' argument that they were "special sovereign citizens" was frivolous). As

---

[5] As noted above, removal under 28 U.S.C. § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816. Because defendant has not indicated that anyone involved is a federal officer or person assisting a federal officer in the performance of official duties, § 1443(2) is inapplicable, and defendant must rely on § 1443(1).

15

such, defendant's proposition that her criminal actions should be removed from state court because she is somehow outside the state court's jurisdiction is meritless. Certainly, these propositions do not support removal under 28 U.S.C. § 1443.

### D. Remand of Criminal Cases to State Court

Defendant has filed a notice of removal, seeking to remove three criminal cases from the 21st Judicial Circuit Court of St. Louis County. For the reasons discussed above, the Court must deny this request. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *See* 28 U.S.C. § 1455(b)(4). Therefore, the Court shall remand *State v. Jones-Williams*, No. 16SL-CR06057-01, *State of Missouri v. Jones-Williams*, No. 18SL-CR02759-01, and *State v. Muthoka*, No. 22SL-CR07861-01 back to the Circuit Court of St. Louis County. *See Minnesota v. Barry*, 2018 WL 3075983, at *1 (D. Minn. 2018) (adopting magistrate's recommendation to vacate notice of removal filed by sovereign citizen, and remand to state district court).

### E. Motions for Leave to Proceed in Forma Pauperis

Defendant has filed two motions for leave to proceed in forma pauperis. (Docket No. 4; Docket No. 5). Having reviewed the motions, the Court finds that they should be granted. *See* 28 U.S.C. § 1915(a)(1).

### F. Motion for Automatic Stay

Defendant has also filed a motion seeking to stay her state court proceedings. (Docket No. 6). The motion will be denied as moot as the instant notice of removal is being vacated.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions for leave to proceed in forma pauperis (Docket No. 4; Docket No. 5) are **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for an automatic stay (Docket No. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant's notice of removal (Docket No. 1) is **VACATED**.

**IT IS FURTHER ORDERED** that *State v. Jones-Williams*, No. 16SL-CR06057-01, *State of Missouri v. Jones-Williams*, No. 18SL-CR02759-01, and *State v. Muthoka*, No. 22SL-CR07861-01 shall be **REMANDED** to the 21st Judicial Circuit, St. Louis County.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a certified copy of this order to the Circuit Court of St. Louis County, with reference to *State v. Jones-Williams*, No. 16SL-CR06057-01, *State of Missouri v. Jones-Williams*, No. 18SL-CR02759-01, and *State v. Muthoka*, No. 22SL-CR07861-01.

Dated this 31st day of August, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE