UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-728-HEA |
| ROZINA KIMANI-MUTHOKA, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This closed civil matter is before the Court upon two motions filed by Rozina Kimani-Muthoka. (ECF Nos. 9 and 10). The motions will be denied.

### Background

Kimani-Muthoka initiated this action by filing a notice of removal seeking to remove State criminal and civil proceedings to this Court. In orders entered on August 31, 2023, this Court vacated the notice of removal as to one case, and remanded the remaining cases to State court.

In the instant motions, Kimani-Muthoka can be understood to seek relief from the Court's orders. The first motion is titled "UN Declaration-Our International Rights" (ECF No. 9), and the second is titled "Motion for Leave Pursuant to Rule 59(e) 60(b) Rule 59(b)(3) and Request Leave for Reconsideration, and, or an Appeal Pursuant to 28 U.S.C. § 1259." (ECF No. 10). In both motions, Kimani-Muthoka asserts her sovereignty, and indicates her intent to proceed pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

Both motions contain a series of long run-on sentences that state no valid basis for relief. For example, Kimani-Muthoka states she "is not subject to the jurisdiction of the St. Louis

County Circuit, St. Louis, Missouri Administrative <u>under</u> organized under a religious organization filed by James T. Townes Jr or <u>Section 92.250 RSMo.</u> and is not a resident employee, contractor, francise, subsidiary or any term that abrogates rights to sacred ancestral land and property held in Primus Odiri Universal Trust, or other aboriginal tribe: Provided, that the granting of citizenship under this subsection shall not in any manner impair or otherwise affect the right of such person to tribal or other property, and is not under obligation to act as a 'Defendant' or on behalf of the State of Missouri . . .".  (ECF No. 10 at 4-5) (emphasis in original).[1]

## Discussion

Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1998)).  Rule 60(b) allows the court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted).

The Court has reviewed the instant motions, and finds no basis for altering or amending its prior decision. Neither motion points to any manifest errors of law or fact or any newly discovered evidence, or demonstrates exceptional circumstances warranting relief.  Plaintiff also states an intent to proceed pursuant to "Rule 59(b)(3)" of the Federal Rules of Civil Procedure,

---

[1] The text is quoted without correction of spelling or grammatical errors.

and 28 U.S.C. § 1259.  (ECF No. 10 at 1).  However, there is no "Rule 59(b)(3)" of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1259, titled "Court of Appeals for the Armed Forces; certiorari," is unrelated to this action.  The motions are denied.

Accordingly,

**IT IS HEREBY ORDERED** that Rozina Kimani-Muthoka's motions (ECF Nos. 9 and 10) are **DENIED**.

Dated this 25th day of September, 2023.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE